**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

**No. 98-30809**

---

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**VERSUS**

**ERICK FRANCISCO SAMAYOA-GONZALES,
also known as Eric Samayoa,**

**Defendant-Appellant.**

---

Appeal from the United States District Court
for the Eastern District of Louisiana
(98-CR-14)

---

August 25, 1999

Before DeMOSS and PARKER, Circuit Judges, and LAKE,[*] District Judge.

PER CURIAM:[**]

Appellant-defendant, Erick Francisco Samayoa-Gonzales ("defendant") pleaded guilty to unlawful entry into the United States following deportation in violation of 8 U.S.C. § 1326(b)(2). In this appeal we are asked to decide whether the district court erred in using the defendant's prior juvenile adjudication for second degree battery as a basis for enhancing his sentence under 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2. As written, those

---

[*] District Judge of the Southern District of Texas, sitting by designation.

[**] Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

provisions enhance a defendant's offense level by 16 levels if the defendant unlawfully enters the United States after having been previously "convicted" of an aggravated felony.[1] The precise issue we must address in this appeal is whether a juvenile adjudication in Louisiana qualifies as a "conviction" under those enhancement provisions.[2] To the best of our knowledge, it is an issue of first impression in this Circuit and in the United States Court of Appeals generally.

The defendant in this case failed to properly raise this issue before the district court.[3] The defendant did not file formal

---

[1] U.S.S.G. § 2L1.2 provides in relevant part:

(1) If the defendant previously was deported after a criminal conviction, or if the defendant unlawfully remained in the United States following a removal order issued after a criminal conviction, increase as follows (if more than one applies, use the greater):
(A) If the conviction was for an aggravated felony, increase by 16 levels.

U.S.S.G. § 2L1.2.

[2] Though the defendant concedes that a conviction for second degree battery under Louisiana law would normally qualify as a conviction for an "aggravated felony" under the enhancement provisions, he asserts that an "adjudication of delinquency" in juvenile court is not a cognizable conviction under § 1326(b)(2) and § 2L1.2.

[3] The record in this case reflects that the applicability of a 16 level enhancement under U.S.S.G. § 2L1.2 was suggested by the probation department in its presentence report. After that report was completed, the defendant filed a presentence brief in which he moved the court to downwardly depart on the ground that the minimum sentence was too severe, and that he was truly remorseful for his misdeeds.

objections to the presence report.[4]

. The defendant eventually raised this objection in a motion to correct sentence pursuant to Rule 35(c) of the Federal Rules of Criminal Procedure. See Fed. R. Crim. P 35(c). The district court denied the motion.[5] Thus, we must review his claim under our plain error standard, *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).[6] Applying that stringent standard to

---

At no point, however, did the defendant challenge the proposed enhancement under § 2L1.2 based on his prior juvenile adjudication. In fact, in his presentence brief the defendant expressly acknowledged the applicability of that provision:

> Pursuant to 8 U.S.C. Section 1326, the defendant is subject to a maximum sentence of 20 years and a maximum fine of $250,000. Given his conviction for car theft and aggravated battery, the defendant is considered to be an "aggravated felon" for purposes of 8 U.S.C. § 1326 . . . . The defendant would respectfully suggest that there are no mitigating statutes or case law in his favor in this matter. Also, addressing the court's question as to the [sic] whether the defendant's youth, and his conviction of an aggravated felony as a juvenile, are mitigating factors, the defendant respectfully concedes that there is no case law or other statute law that would militate against the imposition of such a sentence as recommended in the Federal Sentencing Guidelines.

Then, at the subsequent sentencing hearing, the defendant raised no objections to the presentence report and, more importantly, raised no complaint to the use of his juvenile adjudication to enhance his sentence under § 2L1.2.

[6] To prevail on a claim raised for the first time on appeal, an appellant must show (1) the existence of actual error; (2) that the error was plain; and (3) that it affects substantial rights. *United States v. Calverley*, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). In *Calverley* we explained plain error in the

3

the facts of this case, we cannot conclude that the district court's ruling was plainly erroneous.

**AFFIRMED.**

---

following terms: "[p]lain is synonymous with 'clear' or 'obvious,' and '[a]t a minimum,' contemplates an error which was 'clear under current law at the time of trial.'" *Id.* at 162-63.